1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EVERLIGHT ELECTRONICS CO., LTD.
and EMCORE CORPORATION,

        Plaintiffs,

  v.

NICHIA CORPORATION and NICHIA
AMERICA CORPORATION,

        Defendants,
_____/

INTEMATIX CORPORATION,

        Real party in interest.
_____/

No. C 13-80251 WHA (misc)

**ORDER DENYING NICHIA'S MOTION
TO COMPEL PRODUCTION OF
DOCUMENTS AND DEPOSITION
AND ORDERING INTEMATIX'S
COMPLIANCE WITH THIS ORDER**

      In this miscellaneous action to compel discovery for use in a civil action pending

elsewhere, limited relief is **GRANTED**.

**STATEMENT**

      Everlight Electronics Co., Ltd. filed a declaratory judgment action against Nichia

Corporation and Nichia America Corporation in the Eastern District of Michigan in April 2012.

*Everlight Electronics Co., Ltd., et al. v. Nichia Corporation, et al.*, No. 4:12-cv-111758 (E.D.

Mich. Apr. 19, 2012).  The second amended complaint alleges several claims for relief, including

declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 5,998,925 ("'925

patent") and 7,531,960 ("'960 patent") and infringement of U.S. Patent No. 6,653,215 ("'215

patent").  Nichia counterclaimed for infringement.  The '925 patent is titled "Light Emitting

Device Having a Nitride Compound Semiconductor and a Phosphor Containing a Garnet

Fluorescent Material."  The '960 patent is titled "Light Emitting Device with Blue Light LED and Phosphor Components."  The '215 patent is titled "Contact to n-GaN with Au termination."

Plaintiff Everlight manufactures and supplies LED products, including white LEDs containing phosphors.  Defendant Nichia is a competitor of Everlight in the LED products industry.

Third-party Intematix Corporation is a privately owned company with approximately 200 employees mostly located in Fremont, California, China, and Taiwan (Lund Decl. ¶ 4).  Intematix makes and sells phosphors to the LED industry, including to Everlight (*id.* ¶ 5).  Intematix and Nichia are competitors in the phosphor industry (*ibid.*).

On September 13, Nichia served third-party Intematix with a subpoena *duces tecum* and Intematix served objections on September 27.  On September 30, Nichia served an amended subpoena *duces tecum* to include requests for samples of the Intematix phosphors supplied to Everlight.  Intematix served objections to the amended subpoena on October 7.  Counsel met and conferred on October 8, 11, and 15.  Nicha attempted to narrow some of its requests.  The parties, however, were apparently unable to resolve their differences.

On November 13, approximately one month after the parties' last meet and confer, Nichia filed the instant motion to compel production of documents and deposition of Intematix in this district (Dkt. No. 1).  Two days later, non-expert discovery closed.  The action remains in the Eastern District of Michigan and some motions are set to be heard before Judge Gershwin A. Drain on December 16.

In the instant motion, Nichia moves to compel the production of Nicha's document request numbers 2 through 11 by December 5, 2013, and to compel a witness to give testimony concerning Nichia's deposition topic numbers 2 through 9 by December 12, 2013.  Although Rules 37 and 45 have been recently amended (effective December 1), this miscellaneous action is governed by the rules effective December 2007.

During meet and confers, Nichia and Intematix discussed forgoing a deposition of Intematix in favor of a business record declaration.  Nichia, however, was only agreeable to such a substitute if the documents produced "provided sufficient substantive information directed to

1   the remaining requests" and Nichia could review the documents before accepting a declaration

2   substitute.  Intematix was not willing to accept such terms.

**ANALYSIS**

4        "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

5   party's claim or defense . . . . Relevant information need not be admissible at the trial if the

6   discovery appears reasonably calculated to lead to the discovery of admissible evidence."

7   FRCP 26(b)(1).  On a discovery motion,

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

16   FRCP 26(b)(2)(C).  FRCP 37 governs motions to compel discovery and "a motion for an order to

17   a nonparty must be made in the court where the discovery is or will be taken."  FRCP 37(a)(2).

18   Rule 45(c)(1) makes the party issuing the subpoena responsible for taking "reasonable steps to

19   avoid imposing undue burden or expense on the person subject to the subpoena" and the issuing

20   court must enforce this duty.  Rule 45(c)(3) states:  "On timely motion, the issuing court must

21   quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected

22   matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  The issuing

23   court may, on motion, quash or modify the subpoena if it requires "disclosing a trade secret or

24   other confidential research, development, or commercial information" or "disclosing an

25   unretained expert's opinion or information that does not describe specific occurrences in dispute

26   and results from the expert's study that was not requested by the party."  FRCP 45(c)(3)(B).  The

27   issuing court may also order production under specified conditions if the moving party "shows a

28

United States District Court
For the Northern District of California

1  substantial need for the testimony or material that cannot be otherwise met without undue

2  hardship" and "ensures that the subpoenaed person will be reasonably compensated."

3  **1.   IDENTIFICATION OF PHOSPHORS SOLD BY INTEMATIX TO EVERLIGHT.**

4  Document request number 2 and deposition topic number 2 are generally directed at a list

5  of phosphors sold or supplied by Intematix to Everlight from 2006 to present.  The requests are

6  as follows:

7          Document Request 2: Documents sufficient to identify or describe
        the Phosphors sold or otherwise supplied by Intematix to Everlight
8        from 2006 to the present, including the type, name, model and part
        number of each Phosphor.

9
        Deposition Topic 2: Identification of the Phosphors sold or
10       otherwise supplied by Intematix to Everlight from 2006 to the
        present, including the type, name, model and part number of each
11       Phosphor.

12  Nichia argues that its requests are directly relevant to its allegations of infringement of

13  the '925 and '960 patents (Br. 19).  It further argues that its requests are not duplicative or

14  cumulative of information produced by Everlight because Everlight produced incomplete

15  information regarding the phosphors it purchased from Intematix (Br. 21).

16  Intematix argues that such requests are unreasonably burdensome because they require

17  Intematix to search for records of all phosphors Everlight purchased from Intematix in Taiwan

18  from 2006 to present.  This takes time away from its real business.

19  This order finds that document request number 2 and deposition topic number 2 are

20  overly broad and unduly burdensome on non-party Intematix.  Intematix is hereby **ORDERED** to

21  produce a sworn declaration identifying the name (or model number) of each phosphor Intematix

22  sold to Everlight from January 1, 2009 to September 13, 2013.  The motion to compel document

23  request number 2 and deposition topic number 2 is otherwise **DENIED**.

24  **2.   TECHNICAL INFORMATION REGARDING INTEMATIX PHOSPHORS.**

25  Document request numbers 3, 5, 6, and 7 and deposition topic numbers 4, 5, and 6 are

26  directed at identifying specific Intematix phosphors allegedly present in Everlight accused

27  products.  The requests are as follows:

28

4

United States District Court

For the Northern District of California

1
2

Document Request 3: Product specifications or data sheets for each Phosphor sold or otherwise supplied to Everlight from 2006 to the present.

3
4
5
6
7

Document Request 5: Documents sufficient to identify technical information, including chemical composition, chemical formula, particle size, particle density, and absorption/emission wavelengths, regarding the Intematix Phosphors sold or otherwise supplied to Everlight from 2006 to the present that contain YAG (Yttrium Aluminum Garnet), including NYAG-02™, NGAG-04™, NYAG-05™, NYAG-06™, NYAG4156, EX-T1, EX-T2, EX-T4, and EX-T5.

8
9
10

Document Request 6: Documents sufficient to identify technical information including chemical composition, chemical formula, particle size, particle density, and absorption/emission wavelengths, regarding the Intematix Phosphors sold or otherwise supplied to Everlight from 2006 to the present that contain yellow silicate, including Y4453.

11
12
13

Document Request 7: Documents sufficient to identify technical information including chemical composition, chemical formula, particle size, particle density, and absorption/emission wavelengths, regarding the Intematix Phosphors sold or otherwise supplied to Everlight from 2006 to the present that contain red nitride, including RR6436.

14
15
16
17
18

Deposition Topic 4: Technical information, including chemical composition, chemical formula, particle size, particle density, and absorption/emission wavelengths, regarding the Intematix Phosphors sold or otherwise supplied to Everlight from 2006 to the present that contain YAG (Yttrium Aluminum Garnet), including NYAG-02™, NGAG-04™, NYAG-05™, NYAG-06™, NYAG4156, EX-T1, EX-T2, EX-T4, and EX-T5.

19
20

Deposition Topic 5: Technical information, including chemical composition, chemical formula, particle size, particle density, and absorption/emission wavelengths, regarding the Intematix Phosphors sold or otherwise supplied to Everlight from 2006 to the present that contain yellow silicate, including Y4453.

21
22
23
24

Deposition Topic 6: Technical information, including chemical composition, chemical formula, particle size, particle density, and absorption/emission wavelengths, regarding the Intematix Phosphors sold or otherwise supplied to Everlight from 2006 to the present that contain red nitrade, including RR6436.[*]

25

Nichia argues that these requests are narrowed in two ways. *First*, Nichia argues

26

that it limited the requests to the eleven Intematix phosphors present in the accused products.

27
28

[*] Nichia has previously sought to redact certain information contained in the above requests. The same information sought to be redacted, however, is not redacted in Intematix's opposition and does not constitute a trade secret.

1    *Second*, Nichia argues that it identifies the specific technical information requested

2    (e.g., chemical composition, formula, particle size, density, and absorption/emission

3    wavelengths).

4        Intematix argues that the requests are not relevant to the asserted patents which contain

5    claims including resin—not phosphor—limitations (Opp. 5–6).  Intematix further argues that the

6    requests are not actually narrow because they target "all Yag phosphors sold to Everlight" and

7    all phosphors containing red nitride or yellow silicate.  Intematix also argues that Nichia appears

8    to have some information about Intematix phosphors, including publicly available datasheets and

9    documents produced by Everlight.  Specific details of Intematix's chemical compositions and

10   formulas (beyond those disclosed in publicly available materials) are closely guarded, highly

11   confidential, extremely valuable trade secrets (Lund Decl. ¶¶ 15–16).  Intematix also reports that

12   it does not have a policy or practice of maintaining and storing discontinued product data sheets

13   (*id.* ¶ 11).

14       This order finds that document request numbers 3, 5, 6, and 7 and deposition topic

15   numbers 4, 5, and 6 are overly broad and unduly burdensome on non-party Intematix.  Intematix

16   views defendant Nichia as a direct competitor in the phosphor industry (Lund Decl. ¶¶ 5, 15).

17   Intematix makes reasonable efforts to restrict access to specific details of its chemical

18   compositions and formulas (*id.* ¶¶ 15–16).  One or more of Intematix's data sheets, however, are

19   provided to customers.

20       Intematix is hereby **ORDERED** to produce any reasonably accessible  Intematix data

21   sheets relating to NYAG-02™, NGAG-04™, NYAG-05™, NYAG-06™, NYAG4156, EX-T1,

22   EX-T2, EX-T4, EX-T5,Y4453, and RR6436.  The motion to compel document request numbers

23   3, 5, 6, and 7 and deposition topic numbers 4, 5, and 6 is otherwise **DENIED**.

24       **3.    DOCUMENTS RELATING TO THE ENCAPSULANT MATERIAL FOR
            PHOSPHOR-CONTAINING LEDS.**

25

26       Document request number 8 and deposition topic number 7 are generally directed at

     information regarding the encapsulant material for phosphor-containing LEDs.  The requests are

27   as follows:

28

         Document Request 8: Documents relating to the identification,

description and selection of the encapsulant material for Phosphor-containing LEDs, including but not limited to Phosphor particle density, Phosphor settling, resin viscosity and differential settling in Phosphor mixtures.

Deposition Topic 7: Identification, description and selection of the encapsulant material for Phosphor-containing LEDs, including but not limited to Phosphor particle density, Phosphor settling, resin viscosity and differential settling in Phosphor mixtures.

Nichia argues that these requests are relevant to the '960 patent. That is, according to Nichia, certain claims of the '960 patent contain limitations requiring a phosphor or fluorescent material with a controlled particle size distribution. Nichia argues that any recommendations by Intematix regarding the choice of encapsulent resin material or mixing parameters for the phosphors are relevant to the '960 patent claims.

Intematix argues that it does not make or sell encapsulent material (Lund Decl. ¶ 7). Intematix, furthermore, does not know the details of Everlight's use of encapsulent material (*id*. ¶ 8). Intematix argues that this is nothing less than a fishing expedition and the only arguable relevance for Everlight's use of encasulent material is highly confidential Everlight information unknown to Intematix (Opp. 4).

Document request number 8 and deposition topic number 7 are overly burdensome for third-party Intematix. The requests are virtually unbounded. They are not tied to third-party Intematix or plaintiff Everlight. They do not contain a time constraint. The motion to compel production of document request number 8 and deposition topic number 7 is **DENIED**.

**4.      PHOSPHOR SAMPLES.**

Document request number 11 states "a physical sample of each phosphor sold or otherwise supplied to Everlight from 2006 to the present, of a minimum of 50 g per sample, and with appropriate designations sufficient to identify the phosphor."

Nichia argues that phosphor samples are relevant to infringement in this action because samples allow for a direct comparison between the Intematix phosphors and the phosphors used in Everlight's accused products. Nichia also agrees to pay reasonable compensation for the phosphor samples (Peterson Decl. ¶ 19). Nicha further argues that the "eleven phosphor samples requested from Intematix provide an alternative, non-duplicative means for Nichia to obtain

7

technical information relevant to the asserted claims by direct testing of the phosphors" (Br. 19).

Intematix argues that requesting samples of all phosphors sold or supplied to Everlight over a span of seven years is overly burdensome.

Document request number 11 is overly broad, unduly burdensome, and duplicative of at least document request numbers 3, 5, 6, and 7 and deposition topic numbers 5 and 6.  Any purported benefit of obtaining the samples is outweighed by the burden of producing a physical sample of all of Intematix's phosphor samples sold or supplied to Everlight over the span of seven years.  This order already requires Intematix to produce certain data sheets as detailed above, thereby obviating the need for physical samples.  The motion to compel production of document request number 11 is **DENIED**.

**5.    INSTRUCTIONS PROVIDED BY INTEMATIX TO EVERLIGHT.**

Document request number 4 and deposition topic number 3 are generally directed at any instructions provided by Intematix to Everlight for incorporating Intematix phosphors into Everlight's LEDs.  The requests are as follows:

> Request 4: Documents sufficient to identify or describe any instructions provided by Intematix to Everlight for incorporating into or otherwise using Intematix Phosphors in Everlight's LEDs from 2006 to the present.

> Deposition Topic 3: Technical instructions provided by Intematix to Everlight for incorporating Intematix Phosphors into Everlight's LEDs.

Nichia argues that instructions provided by Intematix to Everlight regarding phosphors is relevant to the claims of the '960 patent.  Although it recognizes that Intematix has stated that it has no instruction documents, Nichia nonetheless wants to know whether oral instructions were given to Everlight (Reply Br. 3).  Nicha argues that such requests are not unretained expert opinions under Rule 45(c)(3)(A)(ii) but rather, percipient knowledge acquired through pre-litigation interactions.

Intematix argues that these requests, and some of Nichia's other requests, are motivated by searching for indirect infringement claims against Intematix.  Intematix confirms that it has not provided instruction documents or technical instructions to Everlight for incorporating into or otherwise using Intematix phosphors in Everlight's LEDs (Lund Decl. ¶ 6).

United States District Court

For the Northern District of California

This order finds that these requests have little to no bearing on the claims for relief in the action. The second amended complaint against Nichia requests, among other relief, a declaratory judgment of non-infringement under direct, contributory, and induced infringement. Intematix is not a party to the action so what instructions (if any) Intematix provided Everlight is not at issue in the action. Nichia also states that it has already sought from Everlight "instructions provided by its suppliers on how to use and incorporate the phosphors into LED products" (Peterson Decl. ¶ 22). Additional discovery is duplicative. The motion to compel document request number 4 and deposition topic number 3 is **DENIED**.

**6.     COMMUNICATIONS BETWEEN INTEMATIX AND EVERLIGHT.**

Document request numbers 9 and 10 and deposition topic numbers 8 and 9 are generally directed at communications between Intematix and Everlight regarding the asserted Nichia patents and Intematix phosphors. The requests are as follows:

> Document Request 9: Communications, correspondence, and/or other documents between Intematix and Everlight regarding the technical characteristics of Intematix Phosphors sold or otherwise supplied to Everlight from 2006 to the present, including chemical composition, chemical formula, particle size, particle density, and absorption/emission wavelengths.

> Document Request 10: Communications, correspondence, and/or other documents between Intematix and Everlight regarding the '925 or '960 patents, including any efforts to design around the patents.

> Deposition Topic 8: Communications, correspondence, and/or other documents between Intematix and Everlight regarding the technical characteristics of Intematix Phosphors sold or otherwise supplied to Everlight from 2006 to the present, including chemical composition, chemical formula, particle size, particle density, and absorption/emission wavelengths.

> Deposition Topic 9: Communications, correspondence, and/or other documents between Intematix and Everlight regarding the '925 or '960 patents, including any efforts to design around the patents.

Nichia argues that these requests are narrowly tailored to eleven phosphors supplied to Everlight and the two asserted Nichia patents (Br. 20). Document request number 9 (and the corresponding deposition topic) is limited to 2006, which is based on the time frame for which Nichia can seek damages from Everlight for patent infringement. Document request

United States District Court

For the Northern District of California

1   number 10 (and the corresponding deposition topic) is directed at any efforts to design around

2   the patents and issues of willful infringement and secondary considerations of non-obviousness.

3   Nichia argues that it has requested discovery from Everlight on a number of topics, including

4   communications regarding Nichia's patents and design around efforts.  "To the best of Nichia's

5   understanding, Everlight has not made a complete production of any of this information to

6   Nichia" (Peterson Decl. ¶ 22).

7   　　　　Intematix argues that these requests are not limited to the eleven identified Intematix

8   phosphors.  Intematix also argues that such requests are unduly burdensome because

9   communications between Everlight and supplier Intematix about technical aspects of Intematix

10  phosphors (if any) would likely occur via email (in English or Chinese) as well as other methods

11  of communication.

12  　　　　This order agrees with Intematix on this point.  It is more burdensome for third-party

13  Intematix to search for, translate, and review communications potentially responsive to such

14  broad requests than plaintiff Everlight.  The motion to compel document request numbers 9 and

15  10 and deposition topic numbers 8 and 9 is **DENIED**.

16  　　　　**7.**　　　　**PROTECTIVE ORDER.**

17  　　　　Intematix argues that some of the information sought in Nichia's discovery requests

18  contain confidential and/or trade secret information.  Intematix asks that Nichia be required to

19  agree to the Patent Local Rule 2-2 Interim Model Protective Order of this district (Opp. 10).

20  Specifically, Intematix seeks a unilateral prosecution bar.  Section 8 of the Patent Local

21  Rule 2-2 Interim Model Protective Order states:

22  　　　　　　　　8. PROSECUTION BAR
　　　　　　　　Absent written consent from the Producing Party, any individual

23  　　　　　　　　who receives access to "HIGHLY CONFIDENTIAL –
　　　　　　　　ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

24  　　　　　　　　SOURCE CODE" information shall not be involved in the
　　　　　　　　prosecution of patents or patent applications relating to [insert

25  　　　　　　　　subject matter of the invention and of highly confidential technical
　　　　　　　　information to be produced], including without limitation the

26  　　　　　　　　patents asserted in this action and any patent or application
　　　　　　　　claiming priority to or otherwise related to the patents asserted in

27  　　　　　　　　this action, before any foreign or domestic agency, including the
　　　　　　　　United States Patent and Trademark Office ("the Patent Office").

28  　　　　　　　　For purposes of this paragraph, "prosecution" includes directly or
　　　　　　　　indirectly drafting, amending, advising, or otherwise affecting the

10

United States District Court

For the Northern District of California

1                    scope or maintenance of patent claims.  (Prosecution includes, for

example, original prosecution, reissue and reexamination

2                    proceedings.)   To avoid any doubt, "prosecution" as used in this

paragraph does not include representing a party challenging a patent

3                    before a domestic or foreign agency (including, but not limited to, a

reissue protest, ex parte reexamination or inter partes

4                    reexamination).  This Prosecution Bar shall begin when access to

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

5                    "HIGHLY CONFIDENTIAL – SOURCE CODE" information is

first received by the affected individual and shall end two (2) years

6                    after final termination of this action.

7    Intematix also argues that request number 10 (and the corresponding deposition topic) covers

8    communications protected by the joint defense privilege.

9          Nichia states that while it "does not disagree in principle to a protective order entered by

10    this Court to govern Intematix's trade secrets," it questions whether such an order is necessary.

11    Nichia argues that it is unnecessary for this district to enter a separate protective order for

12    third-party Intematix when a stipulated protective order has been entered by the Eastern District

13    of Michigan.  That protective order, according to Nichia, adequately protects Intematix.

14    Paragraph 4(c) states:

15                    All Discovery Materials produced in this case designated

'Confidential – Attorneys' Eyes Only,' shall be used solely for

16                    purposes of this Action and for no other purpose.  The parties

acknowledge that other actions are or may in the future be brought

17                    by one against another, and agree that none of the Discovery

Materials designated 'Confidential – Attorneys' Eyes Only' may be

18                    used in other actions.

19    (Peterson Decl. Ex. P).  Paragraph 11 states that "[w]ithin sixty (60) days of the final termination

20    of this Action and any appeals related to this Action, all Discovery Material designated

21    'Confidential – Attorneys' Eyes Only' and all copies of Discovery Material designated

22    'Confidential – Attorneys' Eyes Only' shall be destroyed or returned to the party that produced

23    same . . ." (*id*.).

24          This order finds it unnecessary to enter a separate protective order for Intematix in this

25    district when the action is pending in the Eastern District of Michigan.  The protective order

26    entered by Judge Drain adequately protects Intematix—especially in light of the denial of

27    Nichia's motion to compel and the narrowly tailored information ordered here.  This order

28    provides limited relief to Nichia so a separate protective order for third-party Intematix is of

11

1   limited value.  Additionally, non-expert discovery closed two days after Nichia filed this motion.

2   The request to enter into a separate protective order for Intematix in this district is, accordingly,

3   **DENIED**.

4                                         **CONCLUSION**

5            In sum, Intematix is hereby **ORDERED** to produce a sworn declaration identifying the

6   name (or model number) of each phosphor Intematix sold to Everlight from January 1, 2009 to

7   September 13, 2013.  The motion to compel document request number 2 and deposition topic

8   number 2 is **DENIED**.  Intematix is hereby **ORDERED** to produce Intematix's data sheets relating

9   to NYAG-02™, NGAG-04™, NYAG-05™, NYAG-06™, NYAG4156, EX-T1, EX-T2, EX-T4,

10  EX-T5,Y4453, and RR6436.  The motion to compel document request numbers 3, 5, 6, and 7

11  and deposition topic numbers 4, 5, and 6 is **DENIED**.  The motion to compel production of

12  document request number 8 and deposition topic number 7 is **DENIED**.  The motion to compel

13  production of document request number 11 is **DENIED**.  The motion to compel document request

14  number 4 and deposition topic number 3 are **DENIED**.  The motion to compel document request

15  numbers 9 and 10 and deposition topic numbers 8 and 9 is **DENIED**.

16           In other words, Nichia's motion to compel a witness of Intematix on deposition topic

17  numbers 2 through 9 is **DENIED**.  Intematix is ordered to produce data sheets and a sworn

18  declaration as outlined above by **DECEMBER 18, 2013**, but only if Judge Drain authorizes this

19  discovery, the discovery period otherwise having expired.  The production is subject to the

20  protective order entered by Judge Drain.  Nichia must pay all reasonable costs and fees to collect

21  and produce the materials produced (but not the costs and expenses of the motion practice).

22

23  **IT IS SO ORDERED.**

24

25  Dated:   December 3, 2013.

26                                                   WILLIAM ALSUP
                                                     UNITED STATES DISTRICT JUDGE

27

28

United States District Court
For the Northern District of California